736 P.2d 872

**Theron W. CRAWFORD and Dawn G. Crawford, husband and wife, Plaintiffs-Respondents,**

v.

**PACIFIC CAR & FOUNDRY CO., a corporation doing business in Idaho, Kenworth Dart, Inc., a Division of Pacific Car & Foundry, Inc., John Doe Corporations 1–5, and John Does A–E, Defendants-Appellants.**

No. 16669.

Court of Appeals of Idaho.

May 4, 1987.

Petition for Review Denied July 27, 1987.

Theodore O. Creason (Ware, O'Connell & Creason), Lewiston, for defendants-appellants, PACCAR, Inc.

Darrel W. Aherin, Lewiston, for plaintiffs-respondents.

WALTERS, Chief Judge.

This is an appeal by PACCAR, Inc., from an interlocutory order denying its motion to dismiss the complaint in a civil action, or to quash the service of process, on the ground that the summons and complaint were not served within one year after the summons was issued. We affirm the order.

On August 3, 1983, the plaintiffs filed a complaint alleging that Theron Crawford had been injured on August 3, 1981, by a machine designed, manufactured and sold by the named defendants. The machine was described as a "DART," used for moving and stacking logs in the wood products

industry. Eighteen months after the complaint was filed, service of process on the registered agent of PACCAR, Inc., was accomplished in February, 1985. PACCAR filed a special appearance, moving to dismiss the complaint, or to quash the service of process, on the ground that the summons was not served within one year following the filing of plaintiffs' complaint. PACCAR also asserted lack of jurisdiction by the trial court. PACCAR represented:

> Service was made upon PACCAR, Inc., for the reason that Pacific Car & Foundry Co., is an operating division of PACCAR, Inc. That although Pacific Car & Foundry is a division of PACCAR, Inc., it is not the operating company or a related company of Kenworth Dart, Inc. That to the best of PACCAR's knowledge, Kenworth Dart was the prior name of an unincorporated division of Pacific Car & Foundry until 1972 when Pacific Car & Foundry merged into PACCAR, Inc. That the assets of Kenworth Dart have been sold.

> There being no entity known as Kenworth Dart, Inc., owned by Pacific Car & Foundry, a division of PACCAR, Inc., the Court lacks jurisdiction over PACCAR, Inc., or its operating division Pacific Car & Foundry. Moreover, service upon PACCAR, Inc., is insufficient service of process.

> Service of process directed to Pacific Car & Foundry, a corporation, and to Kenworth Dart, Inc., is unsufficient process as against PACCAR, Inc., or [its] unincorporated division Pacific Car & Foundry.

After a hearing, the district court denied PACCAR's motion to dismiss or to quash. The order was certified as appealable under I.A.R. 12 and appeal by permission of the Supreme Court was granted to Pacific Car and Foundry Company. Notice of appeal was then filed by PACCAR, Inc. The sole issue presented for review in this case is whether the district court abused its discretion in denying the PACCAR's motion.[1]

PACCAR argues that, because I.R.C.P. 4(a) provides that a summons may be issued at any time within one year after the filing of a complaint, the same time frame—one year—should be applied to the period within which service of process should be effected. We disagree. To date, our Supreme Court has not adopted a rule of procedure limiting the time within which service of process should be accomplished. Instead, the Court has approached the question of the timeliness of service of process as one involving the reasonableness of delay in prosecution of the action. *See e.g., Werner Piano Co. v. Baker,* 35 Idaho 496, 207 P. 588 (1922). In determining whether a delay in prosecution is reasonable—or instead demonstrates a lack of diligence—a judge should consider the length of the delay, the prejudice resulting to the defendant from the delay, and the plaintiff's justification for the delay. *Bartlett v. Peak,* 107 Idaho 284, 285, 688 P.2d 1189, 1190 (1984); *Rudy-Mai Farms v. Peterson,* 109 Idaho 116, 705 P.2d 1071 (Ct. App.1985). Balancing these factors is a discretionary function and the trial judge's ruling will not be overturned on appeal unless discretion has been abused. *Nagel v. Wagers,* 111 Idaho 822, 727 P.2d 1250 (Ct.App.1986). *See also Werner Piano Co., supra.*

Here, in response to PACCAR's motion to dismiss or to quash, the plaintiffs submitted affidavits of their attorney outlining the steps he had taken to determine the whereabouts of the defendants, or their agents, upon whom service could be made. Counsel represented that, after suit was filed, a search was conducted to find the proper person to serve among the named defendants. He concluded that none of the defendants could be located in the state of Idaho and that none of them had a registered or statutory agent in Idaho upon whom service could be effected. He determined that the defendants named as Pacific Car and Foundry Company and Kenworth Dart, Inc., were not actually corporations. He represented that—lacking an address for Kenworth Dart, Inc.—he was unable to effect service by publication, upon that defendant, because he would have been re-

---

1. The trial court did not rule on PACCAR's claim of lack of jurisdiction. That issue remains to be resolved and is not before us on this appeal.

quired to mail a copy of the summons and complaint to the defendant at its last known address as a prerequisite to service by publication. He found that a business was operating under the name of Pacific Car & Foundry in Seattle, Washington. He also discovered a registered agent for PACCAR, in Washington, and—although PACCAR was not named as a defendant in this action—decided

> that we would never be able to find a way to serve someone from KENWORTH DART and our only hope was that we could serve the registered agent for PACCAR saying they were the registered agent of PACIFIC CAR & FOUNDRY and see what that would produce.

When the address for the registered agent for PACCAR was obtained from the Washington Secretary of State, the agent was served by the plaintiffs. In his affidavit, plaintiffs' counsel asserted that "Since PACCAR has chosen to do business by divisions leaving no record with the Secretary of State as to these divisions, it seems clear that this made it nearly impossible for the plaintiff to serve the proper defendants." In an affidavit filed by PACCAR, supporting its motion to dismiss or to quash, PACCAR acknowledged that "Kenworth Dart" was a division of PACCAR which had been sold to a Texas corporation by PACCAR in March, 1984.

Presented with these representations, the district court denied PACCAR's motion to dismiss or to quash. The court ruled that "[Plaintiffs appear] to have pursued the matter with due diligence and the delay was not caused by any neglect on [their] part."

PACCAR did not demonstrate that it had suffered any prejudice as a result of the delay in service of process. Instead, it has asserted that prejudice should be presumed and that such presumed prejudice would outweigh the reasonableness of the plaintiffs' efforts to obtain service. We disagree with that thesis.

In our view, the rebuttable presumption of prejudice arises only if there was an unreasonable and unexcused delay. *See Rudy-Mai Farms, supra*. Here, the trial court essentially found that the delay was *not* unreasonable; rather, it occurred despite due diligence on the plaintiffs' part, in prosecution of their claim. We have held that the exercise of reasonable diligence—in the context of triggering a statute of limitation upon discovery of fraud—is a factual issue to be determined by the trier of fact, where reasonable minds might differ on that issue. *Full Circle, Inc. v. Schelling*, 108 Idaho 634, 701 P.2d 254 (Ct.App.1985). We believe the same rule should apply here. We therefore defer to the trial court's determination that the plaintiffs exercised due diligence. Also, the trial court's decision on a factual issue will not be overturned unless that determination is clearly erroneous. I.R.C.P. 52(a). Here we are not persuaded that the trial court's finding of due diligence is clearly erroneous. Moreover, where the trial court's finding is not clearly erroneous and where the trial court properly identifies and applies the law to the facts found, then the court's exercise of discretion has not been abused. *See, e.g., Shelton v. Diamond International Corp.*, 108 Idaho 935, 703 P.2d 699 (1985); *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App.1983). Applying these principles to the instant case, we hold that the district court did not abuse its discretion in denying PACCAR's motion to dismiss or to quash.

The plaintiffs have requested an award of attorney fees on appeal. However, this appeal has presented a genuine issue of law concerning the time frame within which a summons is effective. Also, the appellant launched a cogent attack on the trial court's exercise of discretion after a finding of due diligence. For those reasons, we decline to make an award of fees to the respondents. *Compare Nagel v. Wagers, supra; McGill v. Lester*, 111 Idaho 841, 727 P.2d 1269 (Ct.App.1986).

The order of the district court is affirmed. Costs to respondents, Crawfords.

BURNETT, J., and SWANSTROM, J., concur.