41 P.3d 220

**Janet L. WAIT aka Janet L. Rangel and John W. Anderson, II, Plaintiffs–Appellants,**

v.

**LEAVELL CATTLE, INC., Alonzo B. Leavell, dba Leavell Cattle, Horseshoe "S" Ranch, Inc., John Does I–X, and John Doe Corporations I–X, Defendants–Respondents.**

No. 26547.

Supreme Court of Idaho, Idaho Falls, September 2001 Term.

Dec. 26, 2001.

Rehearing Denied Feb. 26, 2002.

Pederson & Clark, Twin Falls, for appellants. Eric R. Clark argued.

Merrill & Merrill, Pocatello, for respondents. Stephen S. Dunn argued.

EISMANN, Justice.

The plaintiffs appeal from orders granting the motions for summary judgment filed by LeaVell Cattle, Inc., and Alonzo B. LeaVell. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On October 10, 1997, at about 12:30 a.m., the plaintiff Janet Wait was driving home from work in a motor vehicle owned by the plaintiff John Anderson, II. As she rounded a curve, she saw several head of cattle on the road, and she swerved to avoid hitting them. She lost control of the vehicle, and it left the road and rolled.

On October 6, 1999, the plaintiffs filed this action seeking to recover damages for the personal injuries suffered by Wait and for the damage to Anderson's vehicle. They named as defendants "LeaVell Cattle, Inc.; Horseshoe "S" Ranch, Inc.;[1] John Does I–X; and John Doe Corporations I–X."

On December 9, 1999, the plaintiffs served the summons and complaint upon Alonzo B. LeaVell as the statutory agent of LeaVell Cattle, Inc.[2] On January 21, 2000, LeaVell Cattle, Inc., responded to the complaint by filing a motion for summary judgment. It supported the motion with the affidavit of Alonzo B. LeaVell in which he stated that the corporation had been formed for the purpose of owning and operating a truck and horse trailer, that its only assets were a truck and horse trailer, and that it never owned or had control over any cattle or lands upon which the cattle were kept.

On January 28, 2000, the plaintiffs filed an amended complaint adding "Alonzo B. LeaVell, dba LeaVell Cattle" (Alonzo) as a defendant. On February 28, 2000, Alonzo also moved for summary judgment on the ground

that any claim against him was barred by the statute of limitations. The district court granted both motions for summary judgment, and it awarded attorney fees to LeaVell Cattle, Inc., under Idaho Code § 12–121.

## II. ISSUES PRESENTED ON APPEAL

1. Does the phrase "within the period provided by law for commencing the action" in Rule 15(c) of the Idaho Rules of Civil Procedure mean before the expiration of the applicable statute of limitations or before the expiration of the period for service of process?

2. Should the statute of limitations be tolled as to Alonzo LeaVell because he had not filed a certificate of assumed business name in the county in which the accident occurred?

3. Did the district court err in holding that LeaVell Cattle, Inc., was entitled to summary judgment?

4. Did the district court err in awarding attorney fees to LeaVell Cattle, Inc., under Idaho Code § 12–121?

5. Should the defendants be awarded attorney fees on appeal?

## III. ANALYSIS

**A. Does the phrase "within the period provided by law for commencing the action" in Rule 15(c) of the Idaho Rules of Civil Procedure mean before the expiration of the applicable statute of limitations or before the expiration of the period for service of process?**

Rule 15(c) of the Idaho Rules of Civil Procedure[3] provides that an amendment chang-

1. The district court granted summary judgment to Horseshoe "S" Ranch, Inc., dismissing it as a defendant. The plaintiffs have not challenged that dismissal on appeal.

2. The corporation was formed on December 23, 1991, and it was dissolved on June 30, 1998, by the filing of articles of dissolution. Under Idaho law, the dissolution did not terminate its corporate existence, nor did it prevent the corporation from being sued in its corporate name. IDAHO CODE § 30–1–1405 (1999).

3. The text of Rule 15(c) is as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the

ing the party against whom a claim is asserted will relate back to the date of the original pleading if: (a) the claim arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (b) within the period provided by law for commencing the action against the new party, he received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits; and (c) within the period provided by law for commencing the action against the new party, he knew or should have known that the action would have been brought against him, but for a mistake concerning the identity of the proper party.

Here, the issue is whether Alonzo received notice of this lawsuit within the period provided by law for commencing the action. The plaintiffs ask us to hold that the period provided by law for commencing the action includes the six-month period within which a summons must be served after the complaint is filed. If we were to so hold, that period would have ended on April 6, 2000,[4] rather than on October 10, 1999.

■ The phrase "within the period provided by law for commencing the action" means before the expiration of the applicable statute of limitations. *Hoopes v. Deere & Co.*, 117 Idaho 386, 788 P.2d 201 (1990). In *Hoopes*, this Court expressly rejected the argument that the phrase meant the time within which the summons and complaint must be served. A civil action is commenced by the filing of a complaint with the court, IDAHO R. CIV. P. 3(a), not by the service of process. The plaintiffs have not presented any argument that a civil action is commenced at some other time. It is undisputed that Alonzo did not receive notice of the institution of this action until he was served with process on December 9, 1999, which was after the running of the two-year statute of limitations.[5] Therefore, the amendment of the complaint to add Alonzo as a defendant would not relate back to the date of the original complaint.

When construing the phrase "within the period provided by law for commencing the action," the Court in *Hoopes* relied upon the decision of the United States Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), which construed the then identical language in Rule 15(c) of the Federal Rules of Civil Procedure. The *Hoopes* Court also quoted from *Chacon v. Sperry Corporation*, 111 Idaho 270, 275, 723 P.2d 814, 819 (1986), as follows:

[P]art of the reason for adopting the Federal Rules of Civil Procedure in Idaho, and interpreting our own rules adopted from the federal courts as uniformly as possible with the federal cases, was to establish a uniform practice and procedure in both the

---

party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. The relation back of an amendment joining or substituting a real party in interest shall be as provided in Rule 17(a). The delivery or mailing of process to the Idaho attorney general or designee of the attorney general, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the state of Idaho or any agency or officer thereof to be brought into the action as a defendant.

4. Absent a showing of good cause, the summons and complaint must be served within six months after the filing of the complaint. IDAHO R. CIV. P. 4(a)(2). Plaintiffs filed this lawsuit on October 6, 1999.

5. The two-year statute of limitations provided by Idaho Code § 5-219 applies to an action to recover for an injury to the person. The plaintiffs did not argue either in the district court or on appeal that the applicable statute of limitations for Anderson's claim to recover for damage to his vehicle was something other than the two-year statute of limitations provided by Idaho Code § 5-219. In fact, in their opening brief plaintiffs argued, "In this case, the Plaintiffs filed their complaint on October 6, 1999. The applicable statute of limitations period was two years from the date of the injury, which was October 10, 1997." Appellants' Brief at 12. During oral argument plaintiffs' counsel again stated that the two-year statute of limitations applied to Anderson's claim. Therefore, for the purposes of this decision we have assumed that the two-year statute of limitations applies to Anderson's claim, but we express no opinion on that issue. Appellants have focused their argument upon the meaning of Rule 15(c), not upon which statute of limitations applies.

federal and state courts in the State of Idaho.

After *Schiavone* was decided, Rule 15(c) of the Federal Rules of Civil Procedure was amended to provide that an amendment changing or naming the party against whom a claim is asserted can relate back if that party received notice of the action "within the period provided by Rule 4(m) for service of the summons and complaint." Relying upon the above-quoted language from the *Chacon* case, the plaintiffs argue that we should construe Rule 15(c) of the Idaho Rules of Civil Procedure to be identical with the current version of the Rule 15(c) of the Federal Rules of Civil Procedure. They argue that because the interpretation of the federal rule has changed, and the interpretation of the corresponding Idaho rule was based upon the prior interpretation of the federal rule, the interpretation of the Idaho rule should be changed to correspond to the current interpretation of the federal rule.

It is not the interpretation of the federal rule that has changed since *Schiavone* was decided. It is the wording of the rule that has changed. Plaintiffs have not presented any reasoned argument as to why a change in the wording of the federal rule should change the Idaho rule. In essence, they ask us to hold that the amendment of the federal rule also amended the corresponding Idaho rule. That we will not do.

The above-quoted language in *Chacon* stated our preference for interpreting the Idaho Rules of Civil Procedure in conformance with the interpretation placed upon the same language in the federal rules. That preference is obviously limited to situations in which our rules and the federal rules contain identical language. The relevant wording of Rule 15(c) of the Idaho Rules of Civil Procedure now differs from that of the corresponding federal rule, and therefore the interpretations of the two rules will differ. There is no basis for holding that the phrase "within the period provided by law for commencing the action" contained in the Idaho rule should have the same meaning as the phrase "within the period provided by Rule 4(m) for service of the summons and complaint" now contained in the federal rule.

**B. Should the statute of limitations be tolled as to Alonzo B. LeaVell because he had not filed a certificate of assumed business name in the county in which the accident occurred?**

Alonzo's father conducted a cattle business under the name LeaVell Cattle Co., and Alonzo worked in that business until his father's death in January 1993. Upon inheriting the assets from his father's estate, Alonzo began his own business under the name LeaVell Cattle. Prior to January 1, 1997, Idaho law required a person transacting business under an assumed or fictitious name to file a certificate of assumed business name with the county recorder of each county in which the business was to be conducted or transacted. Ch. 212, § 1, 1921 Idaho Sess. Laws 424. On February 19, 1993, Alonzo filed a certificate of assumed business name in Gooding County, where his primary business was located. It identified his business as "Alonzo B. LeaVell dba LeaVell Cattle." He did not file a certificate of assumed business name in Camas County, however, the county in which the accident occurred and in which he was also pasturing cattle.

Effective January 1, 1997, the former statutes relating to assumed business names were repealed, and "The Assumed Business Names Act of 1997" took effect. Ch. 218, 1996 Idaho Sess. Laws 718. It governs all certificates of assumed business name filed after January 1, 1997, and requires that a certificate of assumed business name be filed with the secretary of state, rather than with the county recorder of each county in which the person was conducting or transacting business. IDAHO CODE § 53–511(1) & 53–504 (2000). It also gave people who had fully complied with the prior law until January 1, 1999, to file a certificate of assumed business name with the secretary of state. IDAHO CODE § 53–511(2) (2000). On December 12, 1997, Alonzo filed with the secretary of state a certificate of assumed business name in which he stated that he was transacting business under the assumed name of "LeaVell Cattle." The Act does not require the person to designate in the certificate the coun-

ties in which he is conducting or transacting business under the assumed name.

Near the accident site was a "No Trespassing" sign, which also included a representation of the LeaVell cattle brand followed by the words "Cattle Co." A second sign near the accident site stated, "Magic Ranch, Cattle Company." It contained representations of two brands, at least one of which was the LeaVell brand. It also listed two telephone numbers. Alonzo and his father had erected those signs in the latter 1980's when his father was transacting business under the name LeaVell Cattle Co.

Prior to filing the lawsuit, plaintiff's counsel contacted the Secretary of State's office to determine the legal entity status of anyone doing business under the name of LeaVell Cattle Company. He discovered that a corporation named "LeaVell Cattle, Inc." was incorporated on December 23, 1991, and dissolved on October 16, 1998. Its registered agent was Alonzo, and its mailing and physical addresses were identical to Alonzo's in Gooding, Idaho. He also discovered that on December 19, 1997, Alonzo filed a certificate of assumed business name stating that he uses the name "LeaVell Cattle" in the transaction of business. Plaintiffs' counsel did not check to see if a certificate of assumed business name had been filed in Gooding County, but he did check with the Camas County Recorder and learned that no certificate regarding a business using the name "LeaVell Cattle" had been filed in that county.

The plaintiffs argue that this Court should apply equity to toll the statute of limitations because prior to the accident Alonzo had not filed a certificate of assumed business name in Camas County as required by the former statute. Alonzo responds that he was not required to file a certificate of assumed business name in Camas County because simply pasturing cattle in that county did not constitute conducting or transacting business in it.

■ Regardless of whether or not the former statute required Alonzo to file a certificate of assumed business name in Camas County, there is no basis for holding that his alleged failure to do so is a ground for tolling the statute of limitations as to him. The purpose of the former statute was to protect the public against fraud and to give public information to persons who deal with those who conduct business under a fictitious name. *Nowels v. Ketchersid Music, Inc.,* 80 Idaho 486, 333 P.2d 869 (1958). Under the former statute, the failure to file the certificate was prima facie evidence of fraud in securing credit. Ch. 212, § 6, 1921 Idaho Sess. Laws 424, 425. The fact that Alonzo was doing business under the name "LeaVell Cattle" did not in any way mislead the plaintiffs. Alonzo did not have any business transactions or other dealings with the plaintiffs, nor did he make any representations as to either his identity or that of the owner of the cattle. Furthermore, prior to filing the lawsuit Plaintiffs' counsel knew that Alonzo was doing business under the name LeaVell Cattle. The facts of this case simply do not provide any basis for holding that the running of the statute of limitations should be tolled as to Alonzo.

The plaintiffs also argue that the use of the word "company" in the two signs near the accident site indicated that it was a corporate entity, not an individual, who owned the cattle. They support that argument by pointing to Idaho Code § 30–1–401(a) which provides that a corporate name "[m]ust contain the word 'corporation,' 'incorporated,' 'company,' or 'limited,' or the abbreviation 'corp.,' 'inc.,' 'co.,' or ltd.,' or words or abbreviations of like import in another language." Although the word "company" can refer to a corporation, its use is not limited to corporations. As the ABA Official Comment to the statute states, "[T]he words 'company' and 'limited' are commonly used by partnerships or limited partnerships, and therefore do not uniquely indicate corporateness." Likewise, Black's Law Dictionary 352 (Rev. 4th ed.1968) states, " 'Company' is a generic and comprehensive word, which may include individuals, partnerships, and corporations." Thus, assuming that Alonzo's failure to remove the signs erected in connection with his father's business constituted a representation that LeaVell Cattle was a company, it would not be a representation that the company was a corporation.

## C. Did the district court err in holding that LeaVell Cattle, Inc., was entitled to summary judgment?

LeaVell Cattle, Inc., supported its motion for summary judgment with an affidavit from Alonzo in which he stated that the corporation never owned or had responsibility over any cattle or any lands upon which cattle were kept. He stated that the only assets ever owned by the corporation were a cattle truck and horse trailer. Plaintiffs did not offer any evidence to the contrary. They simply argue that because Alonzo is an interested party, it was error for the trial court to consider his affidavit without additional proof to corroborate his statements.

The principles by which we review on appeal the grant of summary judgment by the trial court were summarized in *Straley v. Idaho Nuclear Corporation*, 94 Idaho 917, 918–19, 500 P.2d 218, 219–20 (1972) (citations omitted), as follows:

> Summary judgment is properly granted when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In determining whether any issue of material fact is in dispute, it is well settled that the facts should be liberally construed in favor of the party against whom summary judgment is sought. In light of this rule, this court has held that summary judgment is improper when a conflict in affidavits respecting issues of fact exists, or when the relevant pleadings, depositions and affidavits raise any question of credibility of witnesses. On the other hand, a mere scintilla of evidence will not create a genuine issue of material fact sufficient to preclude summary judgment. On appeal from an order granting summary judgment, this court must construe the evidence presented to the district court liberally in favor of the party opposing the order and accord him 'the benefit of all inferences which might be reasonably drawn.'

In addition, as stated in *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000) (citations omitted),

The burden of proving the absence of material facts is upon the moving party. The adverse party, however, "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In other words, the moving party is entitled to a judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial.

■ In this case, plaintiffs did not respond to the corporation's motion for summary judgment by offering specific facts showing that there was a genuine issue for trial. The plaintiffs did not present any facts controverting the statements in Alonzo's affidavit, nor did they present any facts raising a question as to his credibility. It is not sufficient merely to allege that because he is an interested party, summary judgment cannot be granted based solely upon his testimony. There is also no requirement that LeaVell Cattle, Inc., corroborate Alonzo's affidavit with other evidence showing that the corporation did not own any cattle. If the plaintiffs believed that there was evidence showing that the corporation could be legally responsible for the cattle on the road at the time of the accident, they could have through discovery obtained such evidence. The district judge did not err in granting summary judgment to the corporation.

## D. Did the district court err in awarding attorney fees to LeaVell Cattle, Inc., under Idaho Code § 12–121?

The district court awarded attorney fees to LeaVell Cattle, Inc., under Idaho Code § 12–121 after finding that the plaintiffs pursued their claim against the corporation frivolously, unreasonably, and without foundation. In its findings, the district court stated, "Plaintiffs failed to properly investigate the ownership of the cow in question and continued to pursue this claim even when they knew this Defendant had no ownership interest in the cow."

■ An award of attorney fees under Idaho Code § 12–121 is discretionary; but it must be supported by findings and those findings, in turn, must be supported by the record. *Conley v. Whittlesey*, 133 Idaho 265, 985 P.2d 1127 (1999). When an exercise of discretion is involved, an appellate court conducts a three-step analysis: (1) whether the trial court properly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by the exercise of reason. *Id.*

■ The record shows that the trial court properly perceived the issue as one of discretion. He awarded attorney fees under Idaho Code § 12–121 to the corporation but denied an award of attorney fees to Alonzo. The trial court found that the plaintiffs had failed to properly investigate the ownership of the cow in question. The plaintiffs based their decision to sue the corporation in part upon the two signs near the accident site. Both of those signs had representations of cattle brands upon them. There is nothing in the record indicating that the plaintiffs ever checked to determine who owned those brands. One sign also had two telephone numbers on it. There is nothing in the record indicating that the plaintiffs ever checked to determine to whom those telephone numbers were assigned or ever telephoned those numbers in an attempt to learn who owned the cattle. There is also nothing in the record indicating that the plaintiffs ever checked to determine who owned the real property upon which the signs were located. Of course, a party who is wrongly sued is not entitled as a matter of course to attorney fees under Idaho Code § 12–121. There are certainly circumstances, such as an injured party contacting an attorney just prior to the running of the statute of limitations, which may justify the failure to make a full inquiry prior to filing the lawsuit. The plaintiffs have not shown any such circumstances in this case, however.

The district court also stated that the plaintiffs continued to pursue their claim against the corporation even though they knew that it had no ownership interest in the cow. The plaintiffs were unable to produce any evidence showing that the corporation ever had ownership of or control over the cattle. The plaintiffs have failed to demonstrate that the district court abused its discretion in awarding attorney fees to the corporation under Idaho Code § 12–121. Therefore, we uphold the district court's award of attorney fees to LeaVell Cattle, Inc.

**E. Should the defendants be awarded attorney fees on appeal?**

■ The defendants request that they be awarded attorney fees on appeal pursuant to Idaho Code § 12–121. Attorney fees on appeal are appropriate under that statute only if this Court is left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably, and without foundation. *Stanley v. McDaniel*, 134 Idaho 630, 7 P.3d 1107 (2000). Where an appeal turns on questions of law, an award of attorney fees under this section is proper if the law is well settled and the appellant has made no substantial showing that the district court misapplied the law. *Id.*

■ With respect to LeaVell Cattle, Inc., the plaintiffs' arguments on appeal are without foundation. Their argument that summary judgment cannot be based solely upon the affidavit of an interested party is not based upon any existing law or upon a good faith argument for the extension or modification of existing law. They likewise failed to make any substantial argument showing that the trial court abused its discretion in awarding attorney fees under Idaho Code § 12–121 to the corporation. With respect to Alonzo, the law regarding the construction of Rule 15(c) of the Idaho Rules of Civil Procedure was well settled, and the plaintiffs did not present any good faith argument for the reversal of existing law. Likewise, they did not present any substantial legal argument showing that there was any basis for tolling the statute of limitations as to Alonzo. Therefore, we award the defendants attorney fees on appeal pursuant to Idaho Code § 12–121.

**800**

## IV. CONCLUSION

In order for the amended complaint adding Alonzo as a defendant to relate back to the date of the original complaint, he must have received notice of the commencement of the lawsuit before the expiration of the statute of limitations on the claim against him. Because he did not, the district court correctly granted summary judgment dismissing the complaint as to him. There was no basis in the record for tolling the statute of limitations based upon equitable principles. There was no evidence in the record showing, nor was there any evidence from which it could reasonably be inferred, that LeaVell Cattle, Inc., was in any way liable for the damages claimed by the plaintiffs. Therefore, the order of the district court granting summary judgment in favor of the defendants is affirmed, as is the award of attorney fees to the corporation. Costs and attorney fees on appeal are awarded to the defendants.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL CONCUR.