147 P.3d 94

Travis HAUSCHULZ, Plaintiff–Appellant,

v.

STATE of Idaho, DEPARTMENT OF CORRECTION, Defendant–Respondent.

No. 31631.

Court of Appeals of Idaho.

Oct. 20, 2006.

Travis Hauschulz, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

This is an appeal by a prisoner from the district court's order dismissing his *pro se* civil complaint for failure to file within the statute of limitations. Travis Hauschulz contends that the district court improperly focused on his filing's caption, rather than its contents, and thus erred by characterizing the timely filing as a "tort claim" rather than a complaint. For the reasons set forth below, we vacate and remand.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2002, the Ada County Clerk received from Hauschulz a cover letter and an enclosed document that he sought to file. The letter stated:

Dear Clerk:

This is my attempt to file a Tort Claim under Idaho Tort Claims Act. I have no access to Idaho Law, so I hope this court will accept my complaint/claim?

I am incarcerated still, in the state of Kansas, and will need help to serve the summons upon the Secretary of State. I am filing a Forma Pauperis in case there is a filing fee or any service fees? I am unable to send a printout of my inmate account. This facility requires a court order for the information.

I hope this is everything you need?

Thank you for your help!

Sincerely,

Travis Hauschulz

The enclosed document stated:

### TORT CLAIM

In Compliance with Title 6, Idaho Code, the undersigned hereby presents a claim against the State of Idaho for damages arising out of an occurrence which happened as follows:

On April 5th, 2001, at 8:00am, in the North Dorm, located at the South Idaho Correctional Institute (SICI), Boise, Idaho, Correctional Officer Garlock confiscated the claimant's personal property. Upon confiscation, officer Garlock issued claimant a D.O.R. (disciplinary offense report) and informed Claimant his property would be held pending the outcome of the D.O.R.

The D.O.R. was dropped, (see Exhibit # 11), and the property, upon claimant's requests to get the items back, were denied. (see Exhibit # 4).

Other items were also confiscated upon the grounds that they were unauthorized property items within the Department of Corrections. When claimant gave proof and verification that in fact the items were

authorized property and property that legally belonged to claimant, officers refused to return claimant's property. (see Exhibits #3, #5, #6, #7, and #11). These Exhibits will show claimant has purchased the confiscated items, that he had a subscription to which a confiscated item was a part of, that they were authorized property, and should have been returned to claimant.

Claimant filed concern form and grieved the situation to the property officer in possession of said property. Property Officer on 6–7–01 still refused to return claimant's property to him. (see Exhibit #4). Thus, denying claimant his Constitutional right to not be deprived of his property without due process.

On June 11th, 2001, Claimant was forced to file a NOTICE OF CLAIM with the Secretary of State in an attempt to correct the wrongs that have been unjustly committed against Claimant. Again, claimant's attempts to be returned his property, or to be reimbursed for his losses, were denied. (see Exhibit #1)

Claimant refiled another Notice of Claim on August 4th, 2001, with the Secretary of State, extending the claim to a due process of law violation, as well. Still, claimant was denied recovery of his losses. (see Exhibit #2)

## RELIEF SOUGHT

1.) Claimant be reimbursed $100.83 for his stolen property of; GE Radio, power strip, calandar [sic].

2.) Claimant be awarded $1,500 for the suffering of being deprived of his property and having to remain locked in his cell without the entertainment, in which he purchased this property for.

3.) Claimant be awarded $1,500 for the violations of his due process right to not be deprived of his property without due process.

4.) Any other relief this court may deem proper and just to a citizen of the United States who has been pushed around and taken advantage of by the Department of Corrections staff.

Respectfully Submitted this 7th day of May, 2002.
Travis Hauschultz
141 W. Elm
Wichita, KS 67203
Claimant

On June 10, 2002, Hauschulz, by a letter, reminded the Clerk that initial notice had already been filed with the Secretary of State in 2001. Hauschulz wrote to the Clerk on August 5, 2002, resubmitting his "tort claim" and explaining that the claim should be filed with the court because "all Administrative and Tort Notices" had been ignored by the Secretary of State. Rather than filing the documents as a complaint, the Clerk's office sent this letter to Hauschulz on August 19, 2002:

Enclosed, please find the Tort Claim, Affidavit for Fee Waiver, and Summons you submitted to the Court. These documents are being returned to you as the Tort Claim is not an original. You must submit an original document with original signatures.

Also, there is no fee required in filing a Tort Claim so the Affidavit for Fee Waiver is not required. In addition, Summons are not issued in Tort Claim cases.

Sincerely,
Deputy Clerk

Over the next six months, Hauschulz periodically sent letters to the Ada County Clerk, inquiring whether the claim had been assigned a case number and expressing patience with "the overload on the court system." The Clerk replied on February 18, 2003, simply recognizing that a "Tort (Notice of Claim) should be duly filed with the Secretary of State instead of the County." The Clerk then observed, "In reviewing [your] correspondence, I notice that you have also included a Summons and Affidavit to waive civil fees, and am assuming you attempted to file a court case in addition to the Tort claim against the State. There is no civil court case on file with Ada County."

Hauschulz made further inquiries on April 25, May 6, June 4, July 8, and August 15 of 2003, conveying his increasing frustration with the Clerk's apparent mishandling of the

submitted documents. On August 18, 2003, the Chief Deputy Clerk responded that "it is important to know that our office does not process claims nor do we make service, answer claims, enter defaults, etc. Our office's responsibility is to file and maintain documents used in matters before the court." In response, Hauschulz wrote to the Secretary of State on September 2, 2003, for help, but that office replied that they had no authority over the judicial branch of government. On September 21, 2003, Hauschulz relayed to the Clerk the Secretary's letter and again attached the May 2002 cover letter to the original "complaint/claim." This time, however, Hauschulz underlined the word "complaint" and queried "Am I wrong by listing or naming my complaint [as] a Tort Claim? If so, wouldn't this court clearly understand my obvious intensions [sic]?" In a November 10, 2003 letter, the Ada County Clerk's office replied:

> [O]ur files contain two matters that you designated as tort claims against the State of Idaho; they are dated May 14, 2002, and October 30, 2002.... A tort claim is not a complaint. Should you wish to file a complaint, it should be presented in the proper form and with the proper filing fee. Our office would be happy to accept and file a complaint meeting those criteria.

Subsequently, and after additional correspondence, Hauschulz filed in April 2004 a document similar to the original filing from May 2002, but with a request for punitive damages and a caption that now said "Complaint." In this pleading, Hauschulz related:

> For the past 2 years, Petitioner has filed with the District Court Clerk's Office, numerous petitions against Defendants, but because Petitioner has continuously mislabeled his complaint, the clerk would not docket Petitioner's petitions against the Defendants. Petitioner comes before this court once again, in his every sincere effort to properly file a property claim and complaint for loss or stolen property....

This document was filed by the clerk as a complaint.

At an August 2004 hearing on the state's first motion to dismiss, the district court found that Hauchulz's cause of action accrued on June 7, 2001, and that he filed his complaint on April 26, 2004. The court therefore dismissed Hauchulz's constitutional claims as barred by a two-year statute of limitations. The court allowed Hauschulz's claims for recovery of personal property to survive because they were within the three-year limitation period to bring suit under Idaho Code Section 5–218(3).

Following a February 2005 telephonic hearing on a renewed motion to dismiss, however, the district court decided that Hauschulz's personal property claims were barred by the two-year statute of limitation of the Idaho Tort Claims Act, I.C. § 6–911. In its order granting the state's motion to dismiss, the district court explained:

> ... the Court has considered the submissions and argument of the parties, and the pleadings, files and record herein, as well as the contents of the court file. The court file contains correspondence from the Plaintiff that is kept loosely in the file. Included in the file is a tort claim that is attached to a letter from the Plaintiff to the Clerk of the Court. *The Court does not construe this to be the filing of the Complaint in this case because a tort claim is a doctrine of legal significance.* Even if liberally construed to constitute the filing of the Complaint, however, it would still be barred because the earliest it could be accepted as such would be September, 2003, which is outside the limitation period under the ITCA.

(Emphasis added). The court further informed Hauschulz, "As you correctly point out, back in May of 2002, you did advise the Ada County Clerk that you were attempting to file a tort claim and then appended to that cover letter was what can only be characterized as a tort claim, *largely because that's how it's captioned at the top*, wherein you assert the underlying facts which this litigation is predicated upon." (Emphasis added). Hauschulz timely appealed from the order of dismissal and judgment.

## II.

## DISCUSSION

■ The state in this case filed a motion to dismiss under Idaho Rule of Civil Procedure

**466**

12(b)(6). However, because matters outside the pleadings were presented, the motion to dismiss was converted into a motion for summary judgment under I.R.C.P. 56(c). *Hellickson v. Jenkins,* 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct.App.1990). When this Court reviews a district court's decision on summary judgment, it employs the same standard as that properly employed by the trial court when originally ruling on the motion. *Thomson v. Idaho Insurance Agency, Inc.,* 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c); *see also, Friel v. Boise City Housing Authority,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994).

■ It is undisputed that the accrual date for Hauschulz's cause of action was June 7, 2001. Because there are no issues of equitable estoppel or tolling presented here, the last day of the limitations period under I.C. § 6–911 was June 7, 2003. The district court ruled that the earliest Hauschulz's filing could be recognized as a complaint was September 2003, several months beyond the applicable two-year statute of limitations. Hauschulz contends that the district court erred by applying a strict standard to his "tort claim"—captioned action. We agree. For the reasons discussed herein, we hold that Hauschulz commenced this civil action in May 2002 when he mailed[1] from prison the functional equivalent of a complaint.

■ In Idaho, the filing of a complaint[2] commences a civil action, *Wait v. Leavell*

*Cattle, Inc.,* 136 Idaho 792, 795, 41 P.3d 220, 223 (2001), and is an essential jurisdictional element. I.R.C.P. 3(a)(1) ("No claim, controversy or dispute may be submitted to any court in the state for determination or judgment without filing a complaint or petition as provided in these rules...."). Rule 3(a)(1) of the Idaho Rules of Civil Procedure further provides that a complaint filed with the court "may be denominated as a complaint, petition or application...." *Id.* "The theory of Rule 3 is that a lawsuit is a matter of public record and that certainty with regard to fixing the time a suit is instituted is valuable for a number of purposes. For example, establishing the date of commencement is important for determining whether the action ... is barred by the applicable statute of limitations...." CHARLES WRIGHT AND ARTHUR MILLER, 4 FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1051, 213–14 (3d ed.2002).

■ The complaint need only contain a concise statement of the facts constituting the cause of action and a demand for relief. I.R.C.P 8(a)(1);[3] *Clark v. Olsen,* 110 Idaho 323, 325, 715 P.2d 993, 995 (1986). "Modern pleading as reflected by I.R.C.P. 8(a)(1) requires only a simple concise and direct statement fairly apprising the defendants of claims and grounds upon which the claims rest." *Myers v. A.O. Smith Harvestore Products, Inc.,* 114 Idaho 432, 439, 757 P.2d 695, 702 (Ct.App.1988).

Idaho Rules of Civil Procedure 3 and 8 expressly and permissively recognize that access to justice is not premised on technical rules of pleading. *See Clark* at 325, 715 P.2d at 995. (noting technical rules long abandoned in Idaho in order to "provide every litigant with his or her day in court"). Idaho

---

**1.** Under the mailbox rule, pleadings filed by *pro se* inmates are considered filed at the time of delivery to prison authorities, rather than when received by the court clerk. *Munson v. State,* 128 Idaho 639, 642, 917 P.2d 796, 799 (1996).

**2.** "[N]o matter what the characterization of the action, it appears that it must commence by a filing having the characteristics of a complaint...." *Driver v. SI Corp.,* 139 Idaho 423, 429, 80 P.3d 1024, 1030 (2003).

**3.** Idaho Rule of Civil Procedure 8(a)(1) provides in its entirety:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) if the court be of limited jurisdiction, a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

courts have held that the character and nature of a pleading is to be determined from the substance of the facts therein alleged and not from what the pleading may have been designated or called by the party. *Bates v. Capital State Bank,* 18 Idaho 429, 434, 110 P. 277, 279 (1910). As cautioned by our Idaho Supreme Court:

> It is always unsafe to tie irrevocably to a name and in a confusion of terms it well might occur that an inapt characterization of a right might result. The mere classification of a right is not essential. First, we recognize the claimed right and, after such recognition, it is entitled to enforcement, whether the name given it accords exactly with the general understanding thereof.... In *Pickwick Stages v. Board of Trustees,* 189 Cal. 417, 208 P. 961, it is held to be thoroughly established that the designation given by a party to his pleading does not determine its character.

*Fidelity Trust Co. v. State,* 72 Idaho 137, 146, 237 P.2d 1058, 1064 (1951) (holding claim not barred by statute of limitations because pleading was wrongly captioned). *See also St. Benedict's Hosp. v. County of Twin Falls,* 107 Idaho 143, 146, 686 P.2d 88, 91 (Ct.App. 1984).

Thus, we examine the substance of the facts alleged in Hauschulz's initial filing to determine whether it has the character and nature of a complaint. Hauschulz's May 2002 filing alleged the essential facts to state a claim or claims that he is entitled to relief and demanding compensatory and punitive damages and "any other relief this court may deem proper and just." Further, Hauschulz explicitly stated in this original pleading that he had already complied with the notice requirements of I.C. § 6–905. Moreover, while Hauschulz's pleading was captioned as a "tort claim," the second sentence of his cover letter to the court clerk characterized the attached filing as a "complaint/claim," in part employing language commonly used to signal the intended commencement of a suit. We conclude that Hauschultz's document that he submitted for filing on May 14, 2002, commenced a civil action because it sufficed as a complaint. Accordingly, the district court erred in granting the state's renewed motion to dismiss.

## III.

## REQUEST FOR ATTORNEY FEES AND COSTS

 Hauschulz, representing himself in this appeal, requests an award of attorney fees. However, because *pro se* litigants may not recover attorney fees, *Erickson v. Flynn,* 138 Idaho 430, 438, 64 P.3d 959, 967 (Ct.App. 2002), we need not decide whether the state's defense of this appeal is clearly frivolous, unreasonable, or without foundation. *Jenkins v. Jenkins,* 138 Idaho 424, 430, 64 P.3d 953, 959 (2003); *Excel Leasing Co. v. Christensen,* 115 Idaho 708, 712, 769 P.2d 585, 589 (Ct.App.1989).

## IV.

## CONCLUSION

The district court erred in granting the state's renewed motion to dismiss. Hauschulz's original filing in May 2002 sufficed to commence a civil action within the statute of limitations. We vacate the judgment below and remand for further proceedings on Hauschulz's claims. No attorney fees are awarded on appeal. Costs are awarded to Hauschulz as the prevailing party pursuant to I.A.R. 40.

Chief Judge PERRY and Judge LANSING concur.