NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNDON SCHEVECK, | No.   17-35294 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00036-EJL-REB |
| v. | |
| CITY OF BOISE, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 18, 2017**

Before:      WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Lyndon Scheveck appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging claims arising from his arrest.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

  *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal on the basis of the statute of limitations. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). We affirm.

The district court properly dismissed Scheveck's action as time-barred because Scheveck did not submit to the court any document that functioned as a complaint before the applicable statute of limitations had run. *See* Idaho Code § 5-219(4) (two-year statute of limitations for personal injury claims); *Canatella*, 486 F.3d at 1132 (the forum state's personal injury statute of limitations applies in § 1983 suits); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *cf. Hauschulz v. State, Dep't of Corr.*, 147 P.3d 94, 98-99 (Idaho Ct. App. 2006) (holding that a filing explicitly intended to function as a complaint and submitted to the court clerk's office is sufficient to initiate action).

We do not consider arguments or allegations raised for the first time on appeal, including Scheveck's contention regarding equitable estoppel. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

17-35294