IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 34790

KENNETH DEAN SCHULTZ,          )
          )
    **Plaintiff-Respondent,**      )         **Boise, May 2008 Term**
          )
**v.**          )         **2008 Opinion No. 82**
          )
**RHONDA RAE SCHULTZ,**          )         **Filed: June 13, 2008**
          )
    **Defendant-Appellant.**      )         **Stephen W. Kenyon, Clerk**
          )
          )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Terry R. McDaniel, Magistrate Judge.

Magistrate's order on child custody, <u>reversed</u> and <u>remanded.</u>

Vaughn W. Fisher, Jr., Boise, argued for appellant.

Brooks Law, P.C., Nampa, for respondent. Kimberly Danielle Brooks argued.

_____

BURDICK, Justice

Appellant Rhonda Rae Schultz appeals from a magistrate court's order requiring her to return to Idaho with her minor daughter or relinquish custody of the child to Respondent Kenneth Dean Schultz. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Kenneth Dean Schultz (Kenneth) and Rhonda Rae Schultz (Rhonda) were married in Boise on February 25, 2005. Their only child, Sylvia Susan Schultz (Sylvia), was born on May 21, 2005. Kenneth and Rhonda had a tumultuous relationship, characterized by domestic abuse since before they married and became parents.

On February 2, 2007, Kenneth was arrested for domestic violence against his wife; he later pleaded guilty to domestic battery, I.C. § 18-918. After this instance of abuse, Rhonda fled to Oregon with Sylvia. Rhonda immediately filed for a restraining order in Oregon, which was granted. A month later, Kenneth filed for divorce in Boise. While that action was pending, the Oregon court granted Kenneth temporary supervised visitation with Sylvia. The Idaho and Oregon courts then agreed jurisdiction was proper in Idaho.

Seven months after Rhonda fled to Oregon, and four months after the Oregon court granted him visitation, Kenneth filed a motion requesting that the Idaho court order Rhonda to return with Sylvia to Boise or surrender custody of the child to Kenneth. Rhonda opposed this motion, arguing it was not in Sylvia's best interest to move from Oregon or to live with her father, whom she had not seen in months. Rhonda also argued, based on Kenneth's pattern of domestic abuse, that she feared for their safety should she and Sylvia be ordered to return. Nonetheless, relying on *Hopper v. Hopper*, 144 Idaho 624, 167 P.3d 761 (2007), the magistrate entered an order requiring Rhonda and Sylvia to return to Idaho or requiring Rhonda to relinquish custody of the child to Kenneth. Four days later Rhonda filed a motion for permissive appeal and stay, but this was denied. She then petitioned this Court for permission to appeal and stay the execution of the magistrate court's order. This Court granted her motion.

## II. ANALYSIS

This case presents a single issue: whether the magistrate court abused its discretion by entering an order requiring Rhonda to return to Idaho with her daughter or relinquish custody of Sylvia to Kenneth. Additionally, Kenneth requests attorney fees on appeal. We will turn first to the propriety of the order, and then address the requested fees.

### A. The magistrate court abused its discretion by entering the order.

Rhonda argues that the magistrate court abused its discretion by entering an order requiring her to return to Idaho with Sylvia or to surrender custody of the child to Kenneth. Child custody determinations are left to the discretion of the magistrate court, and will be overturned on appeal only for an abuse of discretion. *Hoskinson v. Hoskinson*, 139 Idaho 448, 454, 80 P.3d 1049, 1055 (2003). This Court reviews discretionary decisions to determine whether the trial court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the choices before it; and (3) reached its decision by an exercise of reason." *Hopper*, 144 Idaho at __, 167 P.3d at 763. The trial court's findings of fact will be upheld if there is substantial and competent evidence supporting them. *Id*. Here, the order fails under all three prongs of the discretionary review test.

> 1. It is unclear whether the magistrate court perceived the custody determination before it as an issue of discretion.

It is unclear whether the magistrate court perceived the question before it as one of discretion. Its order states:

2

1. Plaintiff's Motion for Order Requiring Defendant Return Minor child to Idaho Jurisdiction or in the Alternative Grant Plaintiff Temporary Custody is hereby granted.

2. Pursuant to Hopper v. Hopper, 2007 Ida. LEXIS 61 (Idaho 2007) [sic] RHONDA RAE SCHULTZ (hereinafter "Rhonda") is ordered to return the minor child SYLVIA SUSAN SCHULTZ, (hereinafter "Sylvia") to Idaho jurisdiction within fourteen (14) days of the entry of this Order.

3. Should Rhonda refuse to return to Idaho with Sylvia, Rhonda shall be ordered to relinquish custody of Sylvia to KENNETH DEAN SCHULTZ within fourteen (14) days of the entry of this Order.

This order does not discuss the standard under which the magistrate considered the motion, and it does not show that the court understood that granting or denying Kenneth's motion was within its discretion. At most, this order cites to the *Hopper* case, which in turn lays out the discretionary standard for determining child custody issues and makes clear that the best interest of the child is of paramount importance in custody determinations. *See* 144 Idaho at __, 167 P.3d at 763-64. Nonetheless, the court's citation to *Hopper* could also demonstrate that it believed the order was mandated by the holding in *Hopper*. Indeed, it appears from the whole of the order that the magistrate believed that *Hopper* removed his discretion. As such, the magistrate court abused its discretion.

2. The magistrate court did not act consistently with the applicable legal standards.

Second, the magistrate court did not act consistently with the legal choices presented by the parties because it is not clear whether the court looked to the child's best interest and because its order is not supported by substantial and competent evidence.

We cannot determine from the order whether the magistrate court looked to Sylvia's best interest when making its decision. A court must consider the best interest of the minor child when making custody determinations, and when analyzing this may consider:

(a) The wishes of the child's parent or parents as to his or her custody;

(b) The wishes of the child as to his or her custodian;

(c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;

(d) The child's adjustment to his or her home, school, and community;

(e) The character and circumstances of all individuals involved;

(f) The need to promote continuity and stability in the life of the child; and

3

(g) Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the child.

I.C. § 32-717(1). The court may also consider whether one parent commits child custody interference and any statutory defenses to that crime as defined by I.C. § 18-4506. *Hopper*, 144 Idaho at __, 167 P.3d at 764. Additionally, a parent leaving Idaho with a child is a factor in determining the child's best interest, but not a "determinative condition in a child custody determination." *Navarro v. Yonkers*, 144 Idaho 882, __, 173 P.3d 1141, 1147 (2007).

The magistrate court's order contains no findings, nor any references to the evidence before the court which might support its decision, as to what would be in Sylvia's best interest. Rhonda introduced unrebutted evidence as to each of the I.C. § 32-717 factors, and Kenneth introduced evidence on some of the factors. Nevertheless, the court made no findings and did not determine whether it would be in Sylvia's best interest to remain with her mother or to return to Boise. Such a lack of elaboration is considered an abuse of discretion because this Court cannot review the order to determine whether the lower court acted consistently with applicable legal standards. *See Moye v. Moye*, 102 Idaho 170, 172, 627 P.2d 799, 801 (1981).

Kenneth asserts that the magistrate made implicit findings, and that these findings are supported by substantial and competent evidence. Before analyzing the evidence, however, it is necessary to address Kenneth's assertion that Rhonda failed to support her position with evidentiary facts. Kenneth's argument is that there are no facts in the record because he was not afforded an opportunity to cross-examine Rhonda as to any statements she made in her affidavits.[1] This argument presumes that an affidavit from an interested party is not sufficient without additional evidence.[2] However, there is no requirement that an interested party corroborate her testimony, and a court does not err by considering an affidavit from an interested party without further corroboration. *Wait v. Leavell Cattle, Inc.*, 136 Idaho 792, 798, 41 P.3d 220, 226 (2001).[3] Additionally, in a contested, interlocutory motion, the court may make inferences from all admissible evidence including affidavits. Therefore, the record contains sufficient admissible evidentiary facts for this Court to review.

---

[1] Kenneth had the opportunity to submit his own affidavits in response to Rhonda's opposition to his motion, but did not take advantage of the opportunity to rebut her testimony.

[2] It is unclear from Kenneth's argument how the Court could still consider his affidavits if we were to accept the premise of his argument, as he too is an interested party.

[3] Although *Wait* dealt with a motion for summary judgment, the general, evidentiary principle that an interested party need not corroborate her testimony applies equally well to the current motion.

Here, even if the magistrate made the implicit decision that it would be in Sylvia's best interest to return to Boise or Kenneth's custody–and this is not clear from the face of the order– such a decision is an abuse of discretion. "An abuse of discretion by the trial court occurs when the evidence is insufficient to support its conclusion that the welfare and interests of a child will be best served by a particular custody award." *Moye*, 102 Idaho at 172, 627 P.2d at 801; *see also Navarro*, 144 Idaho at __, 173 P.3d at 1147. It is also an abuse of discretion for the trial court to over emphasize any one factor. *Moye*, 102 Idaho at 172, 627 P.2d at 801. All of the relevant factors impacting the custody decision must be considered and reflected in the record. *See id.*

In opposition to Kenneth's motion for a temporary custody order, Rhonda relied on two affidavits. In her first affidavit, filed prior to Kenneth's motion in order to support her motion for temporary support, Rhonda testified:

> 4) During the course of our marriage Kenneth Dean Schultz physically abused me on repeated occasions.
>
> . . . .
>
> 7) While I lived in marriage with Kenneth Dean Schultz he would not allow me to take Sylvia to the doctor.
>
> 8) While I lived in marriage with Kenneth Dean Schultz he prohibited me from working and would not allow me to collect government assistance for which I believe me [sic] and Sylvia to be qualified.
>
> 9) While I lived in marriage with Kenneth Dean Schultz he did not obtain medical insurance for Sylvia or me even though it was available through his employer.
>
> . . . .
>
> 11) On February 2, 2007 Plaintiff Kenneth Dean Schultz had been drinking and wanted me to drink with him. When I refused he became angry. He grabbed me by my hair and slapped me, knocking me to the ground. He slapped me again while I was on the ground, then picked me up and physically threw me out the front door. Sylvia ran out the door behind me and we were both locked out of the house. I called the police and waited at a neighbor's house. Kenneth Dean Schultz was arrested when the police arrived.
>
> . . . .
>
> 18) Kenneth Dean Schultz has not seen Sylvia or attempted to make arrangements to see Sylvia as provided for in the Court Orders from [Oregon] Circuit Judge Russell B. West.

Then, in her affidavit filed in opposition to Kenneth's motion, Rhonda testified about the beginning of her relationship with Kenneth, including living in a van with him while pregnant, his refusal to help her obtain state assistance, his attempts to convince her to abort their unborn

5

child, his refusal to allow her to go on doctor-ordered bed rest, his attempts to cause a miscarriage by hitting her in the stomach, and his telling her he wished she would miscarry. She also details four specific instances of domestic violence, each occurring while Kenneth was drinking. During one, Kenneth slapped Rhonda and then locked her in their bedroom for two days and would not allow her to see Sylvia. During another instance of abuse, Kenneth hit Rhonda, pulled her to the ground by her hair, and threw a beer at her, missing and breaking a nearby lamp. After another instance of abuse where Kenneth threw Rhonda into a wall and slapped her, she left the home to escape the battery and Kenneth threatened that she would be sorry for leaving Sylvia with him. Rhonda fled to a neighbor's home, called the police, and when they arrived, she recovered Sylvia and they left to stay with Kenneth's mother in Oregon for several weeks before returning to Boise. During the final instance of domestic abuse (the same instance detailed in her first affidavit), Kenneth physically threw Rhonda out of their home and Sylvia ran after her. Rhonda called the police, who arrested Kenneth. The following Saturday, February 3, 2007, fearing for her safety and Sylvia's safety, Rhonda again took Sylvia to Oregon.

Rhonda also testified that once in Oregon, she petitioned an Oregon court for a restraining order against Kenneth on Monday, February 5, 2007. This request was granted. She also took Sylvia to the doctor for shots and check-ups. After staying with relatives, she and Sylvia lived alone together in an apartment and Rhonda worked full-time. Their home is near a park and a school; additionally, both mother and child receive assistance from Rhonda's family and from various Oregon agencies.

Moreover, Rhonda's affidavit details that Kenneth contested the restraining order, and consequently, the Oregon circuit court held a hearing in April 2007. Although Kenneth was to appear telephonically, he failed to appear and the case continued without his presence. At that hearing, the court issued a visitation order, allowing Kenneth supervised visitation with Sylvia. Rhonda then arranged for the visitation, but Kenneth failed to visit Sylvia. When these arrangements failed, Rhonda attempted to allow Kenneth to visit Sylvia by having his mother take the child to Boise; Kenneth also declined this visitation arrangement.

Finally, Rhonda testified: "I would like for Sylvia to know her father and I think it is important that he have a relationship with her. However, I do not want either of us to be alone with him. I will not feel safe for either of us unless he completes some alcohol rehabilitation

6

program and maybe not even then." Rhonda also stated her belief that Sylvia would no longer recognize her father, since he has not been visiting her, and stated she wants the two to have a period of readjustment and familiarization. Rhonda stated she wants Sylvia to remain in the stable home and community where they now reside.

Kenneth refuted none of Rhonda's testimony. Nowhere in the record before this Court does he deny the numerous instances of abuse Rhonda details, nowhere in the record does he refute that he refused to allow Sylvia to have proper medical and financial support, and nowhere in the record does he indicate that he has attempted to visit Sylvia or that he has financially supported her as ordered by the Idaho court.[4]

Here, the magistrate failed to consider numerous factors. It appears from the order that the only factor the court considered was the distance between the father and child created when Rhonda moved to Oregon. Such an over-emphasis of this single factor is an abuse of discretion. *See Moye*, 102 Idaho at 172, 627 P.2d at 801. Additionally, this Court has made clear that a unilateral move out-of-state by one parent is but one factor to consider when making custody determinations. *Navarro*, 144 Idaho at __, 173 P.3d at 1147.[5] The magistrate court also failed to consider Rhonda's wishes for Sylvia, the extensive history of domestic abuse between the parents and in the presence of Sylvia, the fact that Kenneth made no attempts to visit his daughter either in Oregon or by having his mother bring Sylvia to Boise, or the stability and community support offered to Sylvia in Oregon. The failure to recognize these factors and use them to evaluate the best interests of Sylvia constitutes an abuse of discretion. *See Moye*, 102 Idaho at 172, 627 P.2d at 801.

Likewise, although Rhonda argued that Kenneth's habitual domestic violence overcame the presumption that joint custody was in Sylvia's best interest, the magistrate made no findings and did not decide this issue. Under Idaho law, it is presumed that a continuing relationship with both parents is in the child's best interest. *Hopper*, 144 Idaho at __, 167 P.3d at 764 (citing I.C. §§ 32-717B(4), 32-1007, 18-4506). However, this presumption can be overcome if the court

---

[4] Kenneth did pay $1000 temporary support as ordered by the Oregon court.

[5] Although the magistrate did not have the benefit of *Navarro* at the time of his decision, *Hopper* was specifically decided on the facts of that case—the mother's unlawful interference, perjured statements and move out of state. 144 Idaho at __, 167 P.3d at 764.

finds one parent is a habitual perpetrator of domestic violence. I.C. § 32-717B(5).[6] In light of the evidence before it, the magistrate court's failure to address this argument, in addition to its failure to address I.C. § 32-717(1)(g), was an abuse of discretion; the record does not support that Sylvia's best interests would be served by removing her from a stable home with a support network and returning her to the custody of a father with a history of domestic abuse. *See Moye*, 102 Idaho at 172, 627 P.2d at 801.

In addition to failing to consider Sylvia's best interest, the court stated: "Pursuant to Hopper v. Hopper . . . RHONDA RAE SCHULTZ (hereinafter "Rhonda") is ordered to return the minor child SYLVIA SUSAN SCHULTZ, (hereinafter "Sylvia") to Idaho jurisdiction within fourteen (14) days of the entry of this Order." This case, however, is readily distinguishable from *Hopper*, and the *Hopper* case in no way mandates that a court order a parent to return to Idaho without first determining whether that move would serve the child's best interest. *See Navarro*, 144 Idaho at __, 173 P.3d at 1147.

In *Hopper*, this Court vacated a custody order that granted custody to the mother who had moved to Montana with the child and filed a false domestic violence report. We remanded for a custody hearing "where the father has the opportunity to have the contact with his child to which he is entitled and the child receives the benefit recognized in our law that it is in the best interest of the child to have a continuing relationship with both parents." 144 Idaho at __, 167 P.3d at 764. The Court required that the mother return the child to Idaho, noting that the father's rights had been prejudiced by the mother's crime of absconding with the child and misconduct by filing a false domestic violence report. *Id*. This Court refused to allow a parent to commit a crime, tell falsehoods and gain advantages from that misconduct. *Id*.

The case before this Court is readily distinguishable from *Hopper*. First, Kenneth pleaded guilty to domestic battery; Rhonda did not falsely report that he had committed such an act. Moreover, it is questionable whether it was criminal for Rhonda to leave for Oregon with Sylvia, as a valid defense to custodial interference—leaving to protect herself and Sylvia— appears to exist. *See* I.C. § 18-4506(2)(a)-(b); *Hopper*, 144 Idaho at __, 167 P.3d at 764.

---

[6] While there is no finding by the magistrate, four unrefuted instances of domestic abuse, one of which resulted in Kenneth pleading guilty to domestic battery, could lead to the conclusion that he is a habitual perpetrator of domestic abuse.

8

Also, a visitation order was entered less than two months after Rhonda and Sylvia moved to Oregon. Kenneth was afforded the opportunity to have frequent and continuing contact with Sylvia, yet he made no effort to contact or visit his child. Once a parent has the opportunity to maintain contact with his child, it becomes his responsibility to take advantage of that opportunity. *See Navarro*, 144 Idaho at __, 173 P.3d at 1148 (Eismann, C.J. concurring).

As such, it was error for the magistrate court to fail to analyze Sylvia's best interest, to refuse to consider the evidence before it, and to determine that *Hopper* mandated Rhonda and Sylvia return to Boise. The magistrate court should have examined all the evidence to determine Sylvia's best interest and reached a supported, well-reasoned conclusion before entering its order. Since the court failed in this duty, it abused its discretion.

<u>3. The magistrate court did not reach its decision through an exercise of reason.</u>

Third, the lack of factual and legal analysis in the magistrate court's order does not indicate that it reached its decision through the exercise of reason. The order fails to show that the court used reason. Indeed, the general citation to *Hopper* may show that it believed the decision to grant Kenneth's motion was mandated. However, when making a custody determination the court must elaborate on all the factors it considers, including how a move affects a child's best interest. *See Navarro*, 144 Idaho at __, 173 P.3d at 1147.

Therefore, because the magistrate court abused its discretion by failing to recognize that it had discretion in the matter, by failing to act consistently with applicable legal standards and consistently with the legal standards applicable to the choices before it, and by failing to reach its decision through the exercise of reason, we hold the magistrate court abused its discretion. Consequently, we reverse the order requiring Rhonda to return to Idaho with her daughter or surrender custody of Sylvia and remand to a different magistrate judge.

**B. Kenneth is not entitled to attorney fees.**

Kenneth requests attorney fees pursuant to I.C. § 12-121. Idaho Code § 12-121 authorizes the award of attorneys fees to the prevailing party if the Court is "left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably, and without foundation." *Wait*, 136 Idaho at 799, 41 P.3d at 227. Here, we reverse the magistrate's order, so Kenneth is not the prevailing party. Therefore, we decline to award attorney fees.

9

## III. CONCLUSION

We reverse the magistrate court's order as the lower court abused its discretion, and remand to another magistrate judge for further consideration. We decline to award Kenneth attorney fees. Costs to Appellant.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**