# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46457

In the Matter of: Jane Doe I,　　　　　　　　　 )
A Child Under Eighteen (18) Years of Age.　 )
---------------------------------------------------------- )
IDAHO DEPARTMENT OF HEALTH AND 　)
WELFARE,　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　　Boise, February 2019 Term
　　　　Petitioner-Respondent,　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　　Filed: March 5, 2019
v.　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　　Karel A. Lehrman, Clerk
JANE DOE,　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　Respondent-Appellant.　　　　　　　 )
_____ )

Appeal from the Magistrate Court of the Third Judicial District of the State of Idaho, Washington County. Hon. David Eames, Magistrate Judge.

The judgment of the magistrate court is <u>affirmed</u>.

Specht Law, PLLC, Weiser, for appellant. Cody H. Specht argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Matthew R. Thompson argued.

_____

BRODY, Justice.

Jane Doe (Mother) appeals from a judgment of the Washington County Magistrate Court terminating her parental rights to her child. Child was born with methamphetamine in her system and was declared in imminent danger, with the Idaho Department of Health and Welfare assuming temporary custody. The case plan entered into for parental reunification focused primarily on abstinence from controlled substances and drug treatment. Thereafter, Mother struggled with beginning drug treatment and repeatedly relapsed into using methamphetamine. The Department petitioned that Mother's parental rights be terminated. A three-day termination hearing was held and the magistrate court terminated Mother's parental rights to Child after finding that she neglected the child and that termination was in the child's best interest. Mother

appealed, arguing that the magistrate court's finding of neglect was not supported by substantial and competent evidence, and that the court erred in determining termination was in the child's best interest. We affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Child was born on April, 23, 2017. Sadly, she was premature, had received no neo-natal care, and both she and her Mother tested positive for methamphetamines. A paternity test was not yet conducted, but Mother claimed to know who the father was. A sheriff's deputy declared Child in imminent danger and she was placed in the temporary custody of the Idaho Department of Health and Welfare (Department). At the Adjudicatory Hearing that followed, Mother and Father stipulated to the Department retaining temporary custody of Child. Child was then placed in a foster home with Father's extended family and a *guardian ad litem* was appointed.

A case plan was ordered on July 11, 2017. Mother and Father signed it on August 29, 2017. The case plan was amended and signed again on September 11, 2017. The Amended Case Plan required Mother to:

1. Complete a mental health evaluation and complete any recommendations of the provider before Child was 15 months in care of the Department;

2. Maintain stable, safe housing for a minimum of 120 consecutive days;

3. Secure and maintain legitimate and sufficient resources to meet the financial needs of Child for 120 consecutive days;

4. Successfully complete a parenting class;

5. Complete a substance abuse evaluation, demonstrate abstinence from illegal substances for 90 days, and comply with all treatment recommendations prior to or by the child's 15 month in care;

6. Attend scheduled visits with Child; and,

7. Actively participate in medical, dental, and developmental programs for Child.

Mother failed to show up to a drug-treatment-assessment appointment in July 2017, but she did begin parenting classes and visited Child consistently. At first, Mother and Father enjoyed supervised visits with Child at their home, but Child began getting respiratory infections that required hospitalization. Their case manager, following the recommendations of Child's doctor, required that the visits be done outside of the home because both Mother and Father were smokers, and second-hand smoke exacerbated Child's respiratory issues.

2

At a planning hearing in July, the magistrate court found that the Department was not making reasonable efforts to reunify Child with Mother and Father because the supervised visits were too infrequent at only two times per week. The next month, the magistrate court found that the Department was making reasonable efforts, but noted that the parents were not attending drug treatment as ordered. The court stressed that "[t]he most important of the issues in this case is the use of controlled substances. Resolving this issue will help correct other issues of housing and parenting."

Unfortunately, Mother and Father did not heed the magistrate court and continued using controlled substances. Mother used methamphetamine in December 2017, and January 2018. In April 2018, Mother was found with methamphetamine around her personal belongings. Due to Father's ongoing marijuana and methamphetamine use, visitations were always supervised. Visitations began to decrease when Child was placed with non-family foster parents due to a dispute with Father's family because of his drug use. Mother also did not attend Child's medical and dental appointments.

In December 2017, the court found that Mother and Father were not making progress on their case plan, were still using drugs, and multiple cancellations for drug testing and visitations were not supported with valid excuses. In March 2018, the court again noted that Mother and Father were not progressing on their case plan:

> The parents are still using controlled substances, missing tests, and still not getting into treatment. There are reasons and excuses, but they are not very credible. There is no time to waste at this point, and they have made very little progress on the main issue. They should expect the State to file a petition to terminate parental rights. The Parents must turn things around now.

On April 6, 2018, the Department petitioned the court to terminate Mother's and Father's parental rights, alleging that the parents had failed to comply with the court-ordered case plan by failing to comply with substance abuse testing, treatment, and controlled-substance abstinence.

Mother previously had her parental rights terminated to three other children because of her and her former husband's methamphetamine use. She has been using methamphetamines most of her adult life. After the Department petitioned to have her parental rights terminated to her fourth child in April 2018, she received a drug-treatment assessment and began attempting to complete drug treatment. However, she missed some appointments because of the birth of a fifth child in July of 2018.

3

In August 2018, a three-day termination hearing ensued. Mother and Father both testified to hardships that occurred since Child was born, including the death of both of Mother's parents as well as two separate vehicles breaking down. The Department presented evidence that Mother had not completed the case plan because she had continued using controlled substances and only recently began attempting to complete drug treatment. Mother still needed several more months to complete drug treatment, but did not ask the court for a continuance. The current foster parents for Child—who hoped to adopt her—testified that they had been caring for Child for seven months and that she was happy and well. Mother's case manager testified that Mother had not gone to any of the medial appointments for Child, and that he could not check Mother's home for safety because she had moved six days before the hearing without notifying him. Mother testified that she hadn't started drug treatment until after the petition for termination of parental rights was filed because of issues with transportation and because her parents had died. Mother also testified that she understood that reunification could not occur without her husband, Father, ceasing use of controlled substances while she lived with him, which he had yet to do at the time of the hearing.

On September 24, 2018, the magistrate court issued its Findings of Fact and Conclusions of Law Terminating Parental Rights to Mother and Father. In it, the court found that Mother had been making some progress on the case plan, but despite that progress she had failed to complete "the most important and pressing requirement in the case which was drug treatment and sobriety." The court concluded that the Department had proven by clear and convincing evidence that Mother had neglected Child by not completing her case plan as ordered in the 15 months Child was in the Department's custody, and because she had not been able to complete substance abuse treatment and establish sobriety where she has had a long history of substance abuse and relapse. Also, the court found that it was in the best interest of Child that Mother's parental rights be terminated because of Mother's lack of progress in drug treatment and because she never advanced beyond supervised visits with Child.

On September 28, 2018, judgment was entered terminating the parental rights of Mother. She timely appealed.

## II.  ISSUES ON APPEAL

**A.** Was the magistrate court's finding of neglect under Idaho Code section 16-1602(31) supported by substantial and competent evidence?

4

**B.** Was the magistrate court's finding of neglect under Idaho Code section 16-2002(3)(B) supported by substantial and competent evidence?

**C.** Did the magistrate court err in determining that termination of parental rights was in the best interests of the child?

### III.    STANDARD OF REVIEW

> Grounds for termination of parental rights must be shown by clear and convincing evidence because each parent has a fundamental liberty interest in maintaining a relationship with his or her child. Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. On appeal, this Court will not disturb the magistrate court's decision to terminate parental rights if there is substantial, competent evidence in the record to support the decision. Substantial, competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. This Court is required to conduct an independent review of the magistrate court record, but must draw all reasonable inferences in favor of the magistrate court's judgment because the magistrate court has the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties.

*In Interest of Doe Children*, 163 Idaho 367, 371, 413 P.3d 767, 771 (2018) (quoting *Idaho Dep't of Health & Welfare v. Doe*, 162 Idaho 236, 242, 395 P.3d 1269, 1275 (2017)).

### IV.    ANALYSIS

Mother argues that the magistrate court lacked substantial and competent evidence to make a finding of neglect under Idaho Code sections 16-1602(31) and 16-2002(3)(B). She also contends that the magistrate court erred in finding that termination of Mother's parental rights was in the best interests of Child because it focused on a single factor rather than a multiplicity of factors.

To terminate parental rights, a magistrate court must find that the parent has met at least one of the conditions outlined in Idaho Code section 16-2005(1)(a)–(e), and that terminating parental rights is in the best interests of the child. I.C. § 16-2005. One of the statutory conditions that may be found is neglect of a child. I.C. § 16-2005(1)(b). Neglect can be found in one of two ways. *Id.* One way occurs when a child has been "without proper parental care and control, or subsistence, medical or other care or control necessary for h[er] well-being because of the conduct or omission of h[er] parents," I.C. § 16-1602(31)(a). The other, narrower way occurs when a "parent has failed to comply with the court's orders or the case plan in a child protective act case" and the Department has had temporary or legal custody of the child for fifteen of the

most recent twenty-two months, and "reunification has not been accomplished by the last day of the fifteenth month . . . ." I.C. § 16-2002(3)(b)(i)–(ii). While only one definition of neglect needs to be satisfied, the magistrate court in this case decided that both definitions had been satisfied. After discussing both these findings in turn, the magistrate court's best interests of the child analysis will be examined.

### A. The magistrate court's finding of neglect under Idaho Code section 16-1602(31) was supported by substantial and competent evidence.

Mother argues that the magistrate court improperly made a finding of neglect under Idaho Code section 16-1602(31) by only considering her non-completion of drug treatment, and by giving little consideration of her completion of the other parts of the case plan. The Department responds that Mother only recently demonstrated sobriety and partial treatment, and that her actual request is for this Court to reweigh the evidence.

To support her argument, Mother cites an Idaho Court of Appeals decision that found insufficient evidence supporting a trial court's finding of neglect. *Idaho Dep't of Health & Welfare v. Doe (Doe III)*, 150 Idaho 752, 250 P.3d 803 (Ct. App. 2011). In *Doe III*, an abusive, alcoholic father had his children taken into custody with the Department after they had been declared in imminent danger. *Id.* at 755, 250 P.3d at 805. The father immediately began working on his case plan when he was able, which included completing substance abuse treatment for his alcoholism. *Id.* Two months into the plan, father relapsed and was arrested for public intoxication. *Id.* After being released from jail, he began Herculean efforts to reunify with his children and comply with his case plan. *Id.* The magistrate court terminated his parental rights due to "minor noncompliance with reporting requirements that had not been in effect for half a year prior to the termination hearing," and the court's decision "disregard[ed] or g[ave] minimal attention to the compelling evidence of Father's success in overcoming alcoholism, complying with treatment requirements, maintaining remunerative employment, and becoming a nurturing parent with whom the children developed a strong bond." *Id.* at 763, 250 P.3d at 814. The Court of Appeals reversed the magistrate court's decision because the evidentiary record did not provide objectively supportable grounds for its decision. *Id.*

The facts in *Doe III* are not similar to the case at hand. The magistrate court in this case recognized that Mother had made some recent progress in completing her case plan in regards to drug treatment. However, it also recognized that, while Mother did have visitations, they never progressed beyond supervised visits because of Mother and Father's continuing drug use.

Father's marijuana use was concededly constant throughout the entirety of the case, and Mother lived with him knowing that reunification could not occur while he used controlled substances. Also, Mother moved to a new house six days before the termination hearing and did not notify the Department so that her case worker could inspect and determine if the new house complied with the case plan.

What appears to be the biggest factor in the magistrate court's decision was Mother's failure to "complete the most important and pressing requirement in the case which was drug treatment and sobriety." The magistrate court noted that Mother had a long history of addiction to methamphetamine and she did not start consistent treatment until nearly a year after Child was placed into foster care. It also considered the fact that she was found with methamphetamine near her personal belongings only a few months before the termination hearing, meaning either she was using, or she was still associating closely with those who were. The record also shows that Mother's use of methamphetamine continued during her fifth pregnancy. Therefore, the decision of the magistrate court is supported by substantial and competent evidence that is present in the record.

Despite the overwhelming amount of evidence in this case supporting a finding of neglect under Idaho Code section 16-1602(31), Mother contends that the magistrate court erred by relying too heavily on her non-completion of drug treatment and it should have given more weight to the hardships she faced throughout the case, along with her accomplishments of completing certain parts of her case plan. It appears that the Department has correctly understood Mother's argument as a request that this Court reweigh the evidence presented, not that there is a lack of evidence. "It is well established that appellate courts in Idaho do not reweigh evidence." *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Therefore, Mother's request for this Court to reweigh the evidence will not be entertained.

Mother concludes her argument by stating that the magistrate court based its findings "solely on lack of completion of substance abuse treatment where there was no date for completion and substantial completion of the case plan." The analysis above shows that the magistrate court considered much more evidence than her non-completion of the case plan, although the magistrate court did place a heavy emphasis on her non-completion of substance abuse treatment. Such an emphasis does not make a finding of neglect error.

7

Child was placed in immediate danger because of Mother's use of controlled substances. At review hearings, the magistrate court made it clear that the primary concern of the case plan was use of controlled substances, often explaining to the parents that they could "choose drugs, or they can choose the child." Mother in this case only recently began drug treatment after a petition to terminate her parental rights was filed. At the termination hearing, Mother's counselor testified that Mother was several months away from completing her drug treatment. "Mother's slight progress [on the case plan] does not obviate termination." *Idaho Dep't of Health & Welfare v. Doe*, 160 Idaho 824, 833, 379 P.3d 1094, 1103 (2016). The magistrate court could properly find that Mother lacked proper parental care and control, or subsistence, medical or other care or control necessary for Child's well-being because of the conduct or omission of Mother in failing to complete drug treatment. I.C. § 16-1602(31)(a). *See In re Doe*, 151 Idaho 356, 365, 256 P.3d at 764, 773 (2011) ("[I]t is not error for a magistrate court to make a finding of neglect . . . based on noncompliance with a case plan, where such evidence supports a finding of conduct constituting neglect as defined in either I.C. §§ [16-1602(31)(a) or 16-1602(31)(b)].").

Mother's argument that there was no completion date set out in the case plan for substance abuse treatment is not applicable to a finding of neglect under Idaho Code section 16-1602(31). Section 16-1602(31) only requires a finding that a child was without proper parental care or control, or subsistence, medical or other care or control necessary for her well-being due to the conduct or omission of her parent. There is no statutory requirement in section 16-1602(31) of a finding that a parent has "fail[ed] to comply with a case plan" as there is with the other statutory bases for a finding of neglect under section 16-2002(3)(B). Therefore, we hold that the magistrate court's finding of neglect under Idaho Code section 16-1602(31) is supported by substantial and competent evidence.

**B. We need not examine the magistrate court's finding of neglect under Idaho Code section 16-2002(3)(B).**

Mother next argues that the magistrate court incorrectly found neglect under Idaho Code section 16-2002(3)(B), because that statute requires a finding that, "parent(s) has failed to *comply* with the court's orders or the case plan in a child protective act case," whereas the magistrate court found that Mother failed to *complete* her case plan as ordered. (emphasis added to statute). She further argues that her case plan only required that she be in "compliance with all treatment recommendations prior to or by the child's 15 months in care," and therefore there was

8

no *completion* date, only a *compliance* date, which she contends she met by being enrolled in substance abuse classes at the time of the termination hearing. The Department responds that completion is compliance because she failed to demonstrate abstinence from illegal substances for ninety days as required by the case plan, and that the case plan had a deadline of the child being fifteen months in the care of the Department.

We will not determine whether the definition of neglect under 16-2002(3)(B) is met in this case. "Statutory grounds for termination of parental rights are independent, and if any one or more of the grounds for termination are found, termination may be granted." *Idaho Dep't of Health & Welfare v. Doe*, 160 Idaho at 833 n.1, 379 P.3d at 1103 n.1 (internal citations omitted). Because we have already decided that the magistrate court's finding of neglect under Idaho Code section 16-1602(31) was proper, a statutory ground for terminating Mother's rights was present.

## C. The magistrate court did not err in determining that termination was in the best interests of the child.

Mother argues that the magistrate court improperly "placed too much emphasis on drug treatment and failed to consider other aspects of the parent-child relationship." Mother cites a divorce case, *Schultz v. Schultz*, to support her argument that a court's over-emphasis on a single factor in evaluating the best interest of the child is error. 145 Idaho 859, 865, 187 P.3d 1234, 1240 (2008). The Department responds that *Schultz* is inapposite to the present case because the facts are dissimilar, and contends the magistrate properly found that termination was in the best interests of Child.

After finding a statutory ground for termination, a magistrate court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). "The best interest analysis considers the reality that children need 'stability and certainty.'" *Matter of Doe Children*, 164 Idaho 486, 432 P.3d 35, 40 (2018) (internal citation omitted). "When considering the best interests of the child, a trial court may consider numerous factors." *Idaho Dep't of Health & Welfare v. Doe*, 162 Idaho 236, 244, 395 P.3d 1269, 1277 (2017) (internal citations omitted). In reviewing the magistrate court's determination of the best interests of the child, "this Court does not reweigh evidence, but defer[s] to the trial court's unique ability to accurately weigh the evidence and judge the demeanor of the witnesses and take into account the trial court's 'superior view of the entire situation.'" *Doe v. Doe*, 148 Idaho 243, 246, 220 P.3d 1062, 1065 (2009) (internal citation omitted).

The case Mother cites for authority, *Schultz*, is not applicable to this case. In *Schultz*, a mother appealed a magistrate court's order requiring her to relinquish custody of her daughter to her abusive husband. 145 Idaho at 861, 187 P.3d at 1236. The mother had fled to Oregon away from her abusive husband during a divorce, but the magistrate court awarded the husband custody of the child instead of awarding joint custody. *Id.* at 865, 187 P.3d at 1240. In reviewing the magistrate court's order, this Court held that the magistrate court erred in determining the best interests of the child because it only considered "the distance between the father and child created when [the mother] moved to Oregon." *Id.* It failed to consider numerous other factors such as the father's extensive history of abuse, lack of proper medical and financial support to the child, lack of visitation with the child, the child's lack of a support network at the father's home, and the stable home environment created by the mother. *Id.* at 864–65, 187 P.3d at 1239–40. It was error for the magistrate court to over-emphasize a single factor and not to consider the other evidence before it in determining the best interests of the child.

In the present case, the magistrate court considered a multiplicity of factors in determining that termination of the parent-child relationship was in the best interests of the child. In its order, the magistrate court considered Child's bond with the foster parents with whom she had been living for almost a year, Mother's methamphetamine use in January 2018, Mother's pending criminal charge for being found with methamphetamine near her personal belongings in April 2018, Mother's lack of progress in her drug treatment and the significant amount of time required for her to complete it, Mother's long history of methamphetamine use and relapse, Mother's failure to progress past supervised visitation with the child, and the child's current living situation where she is safe, stable, and thriving. Unlike the magistrate court in *Schultz* that only considered a single factor, the magistrate court in this case considered numerous factors in determining termination was in the child's best interests.

Mother's contention that the magistrate court over-emphasized her lack of progress in drug treatment is also misplaced. Mother's use of controlled substances was the reason Child was declared in immediate danger when she was born. Mother's use and connection with controlled substances, and her failure to complete drug treatment, were the primary reasons Child was consistently in foster care since birth. Mother's continued use of controlled substances and failure to comply with drug treatment as outlined in her case plan were the reasons a petition to terminate parental rights was filed. Her use of controlled substances and failure to progress in

10

drug treatment were the primary reasons the magistrate court made a finding of neglect. It was appropriate for the magistrate court to emphasize this important and relevant factor. The magistrate court "exercised objective judgment, based on substantial and credible evidence, to conclude that the child['s] best interest favored termination of [Mother's] rights." *In Interest of Doe Children*, 163 Idaho at 377, 413 P.3d at 777.

## V. CONCLUSION

In light of the foregoing, the judgment of the magistrate court is affirmed.


Chief Justice BURDICK, and Justices BEVAN, STEGNER and MOELLER CONCUR.