# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47219

MARK AARON FRANKLIN,

    Plaintiff-Respondent,

v.

SYDNEY KRISTEN FRANKLIN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 22, 2019

Karel A. Lehrman, Clerk

**THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY**

---

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Andrew R. Woolf, Magistrate.

Judgment, <u>affirmed</u>.

Parsons Behle & Latimer; Challis A. McNally, Idaho Falls, for appellant. John E. Cutler argued.

Beard St. Clair Gaffney; Kristopher D. Meek, Idaho Falls, for respondent. Kristopher D. Meek argued.

---

GRATTON, Chief Judge

This expedited, permissive appeal presents issues of child custody and spousal maintenance. Sydney Kristen Franklin ("Mother") appeals from the magistrate court's judgment, claiming it abused its discretion by: (1) erring in its treatment of her domestic violence allegations; (2) awarding primary custody to Mark Aaron Franklin ("Father"); (3) failing to award spousal maintenance; and (4) failing to award attorney fees. Mother also argues the magistrate court failed to make factual findings, and, instead, simply recited facts from the record. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were married in 2008 and have two minor children. Father filed a petition for divorce in December 2017. Mother filed a counter-petition in January 2018. Through mediation, the parties reached a partial settlement agreement in October 2018 which,

1

among other things, addressed the division of property and debts. Both parties sought primary physical custody of the children. After trial, the magistrate court entered its findings of fact and conclusions of law, awarding primary physical custody to Father while declining to award spousal support to Mother. The magistrate court determined it was in the best interests of the children for Father to have primary custody during the school year, with Mother exercising custody every other weekend with the ability to visit the children after school as her schedule allowed. During the summer months, custody would be shared equally by alternating weeks with the children.

On Mother's claim for spousal support, the magistrate court found she possessed the property to provide for her reasonable needs and that her monthly budget of $6,405 was not a credible estimate. Mother filed a motion to reconsider which was denied after oral argument. The final judgment was entered shortly after. The magistrate court granted Mother's motion for permissive appeal. On appeal, Mother takes issue with the magistrate court's findings of fact and determinations on custody and spousal maintenance. Mother also seeks attorney fees on appeal and argues that the magistrate court's failure to award her fees below was an abuse of discretion.

## II.

## STANDARD OF REVIEW

This is a permissive appeal under Idaho Appellate Rule 12.1, and as such, the Court reviews the magistrate court's decision without the benefit of a district court appellate decision. A trial court's decisions regarding child custody and spousal maintenance will not be overturned absent an abuse of discretion. A trial court does not abuse its discretion as long as the court "recognizes the issue as one of discretion, acts within the outer limits of its discretion and consistently with the legal standards applicable to the available choices, and reaches its decision through an exercise of reason." When the trial court's decisions affect children, the best interest of the child is the primary consideration. *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015). "An abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the children would be best served by a particular custody award or modification." *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007). Whether to award spousal maintenance is discretionary and "requires the court to give due consideration to each party's financial needs and abilities." *Stewart v. Stewart*, 143

2

Idaho 673, 679, 152 P.3d 544, 550 (2007). Those needs, which must be reasonable, account for the standard of living established during the marriage. *Id*. at 680, 152 P.3d at 551.

When an appellate court reviews the magistrate court's findings of fact, the appellate court "will not set aside the findings on appeal unless they are clearly erroneous such that they are not based upon substantial and competent evidence." *Id*. at 676, 152 P.3d 544 at 547.

## III.

## ANALYSIS

### A. The Magistrate Court Made Sufficient Findings of Fact

Mother challenges the factual findings of the magistrate court, arguing specifically that they are merely recitations from the record and not sufficient to constitute findings. Father asserts that though the findings are sufficiently supported by the record, Mother is precluded from asserting this issue for the first time on appeal. A finding of fact is a determination of a fact supported by the evidence in the record. *Searle v. Searle*, 162 Idaho 839, 846, 405 P.3d 1180, 1187 (2017). Whether the magistrate court's findings are sufficient is a question of law, which we freely review. *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999).

As an initial matter, we address whether a lack of findings can be asserted for the first time on appeal. Father argues Rule 802 of the Idaho Rules of Family Law Procedure precludes the argument. The rule states, "No party may assign as error the lack of findings unless the party raised such issue to the trial court by an appropriate motion." I.R.F.L.P 802. Mother argues she took issue with the findings below in her motion to reconsider, arguing the lower court was "properly apprised of the problems with its findings." However, taking issue with the substance of the court's findings and claiming the court's findings are not legally sufficient are separate and distinct arguments. We can find no argument in the record below that demonstrates she made such an assertion. Having made no such motion below, Mother is precluded from asserting the issue for the first time on appeal.

Aside from the preservation issue, the findings of the magistrate court constitute proper findings of fact and are supported by the record. Mother argues, relying on *Searle*, that merely reciting portions of the record which would be used in support of a finding is not a finding of fact. *Searle*, 162 Idaho at 846, 405 P.3d at 1187. In *Searle*, the Court considered whether the magistrate court had abused its discretion in modifying a child custody plan. In modifying the

3

plan, the magistrate court listed a number of statements which lacked any analysis. *Id.* The statements were followed by concluding what would be in the best interest of the child. *Id.* On appeal, the Court determined this was not a sufficient method to determine whether the child's best interest would be served by modifying the existing custody plan. Unlike in *Searle*, where the trial court engaged in a simple, objective recitation, the magistrate court in this case analyzed the testimony and determined the facts upon which it would rely in forming its conclusions as to each issue. *Id.*

> For example, the magistrate court made determinations of fact, supported by the record:

> [Mother] travels a lot for work now and is gone and unavailable for 11 hours a day and if there was a need to leave work to attend to the children, she would have at least a 1.5 hour drive to get there . . . [Father] would be more available to the children and be able to spend more time with the children during the week than [Mother].

These findings, like the others, are reasoned conclusions based on evidence in the record. They are not simple recitations of the evidence. We agree with Father's assertion that findings in the family law context are similar in purpose to those in the regular civil proceeding: A findings purpose "is to afford the appellate court a clear understanding of the basis of the trial court's decision, so that it might be determined whether the trial court applied the proper law to the appropriate facts in reaching its ultimate judgment in the case." *Quiring v. Quiring*, 130 Idaho 560, 565, 944 P.2d 695, 700 (1997). The magistrate court's findings clearly provide this Court with the basis for the magistrate court's decision and are legally sufficient.

**B.      The Magistrate Court's Decision on Custody Was Not an Abuse of Discretion**

Mother argues the magistrate court abused its discretion in awarding primary custody to Father. A custody determination is commended to the sound discretion of the trial court; unless such discretion is abused, the court's judgment as to custody will not be upset on appeal. *Osteras v. Osteras*, 124 Idaho 350, 352, 859 P.2d 948, 950 (1993). Mother asserts the magistrate court gave improper weight to the statutory factors used for custody determinations. Idaho Code § 32-717(1) provides that a "court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children." Thus, the children's best interests are of paramount importance when making decisions regarding the children's custody. *Danti v. Danti*, 146 Idaho 929, 934, 204 P.3d 1140, 1145 (2009).

4

In determining the children's best interests, courts are required to consider all relevant factors. *Roberts v. Roberts*, 138 Idaho 401, 407 64 P.3d 327, 333 (2003). Idaho Code § 32-717(1) identifies some of those factors which may be relevant as including the parents' wishes for the children's custody; the children's wishes; the interrelationship and interaction between the children and their parents and siblings; the extent the children have adjusted to their school, home, and community; the character and circumstances of the persons involved; the need to promote continuity and stability in the children's lives; and domestic violence. Parties are free to suggest and "trial courts are free to consider factors unique to each case." *Bartosz v. Jones*, 146 Idaho 449, 456, 197 P.3d 310, 317 (2008).

### 1.     The magistrate court did not overemphasize any factor

Mother claims on appeal that the magistrate court abused its discretion in its emphasis and consideration of the factors. Specifically, that the court erred by overemphasizing her work schedule as affecting continuity and stability and the circumstances overall. It is an abuse of discretion for the trial court to overemphasize any one factor when considering the best interests of a child. *Schultz v. Schultz*, 145 Idaho 859, 863, 187 P.3d 1234, 1238 (2008). All of the relevant factors impacting the custody decision should be considered and reflected in the record. *Id.*

In awarding Father primary physical custody of the children during the school year, the magistrate court assessed each factor in turn. Ultimately, it found that two factors were relevant in determining the best interests of the children, character and circumstances of all, and the promotion of continuity and stability. As to the first, the court found that Mother's three-hour commute to and from work would mean she was unavailable for the children from the hours of 8:00 a.m. to 9:00 p.m., while Father had a more flexible schedule and family that lived close by. These circumstances led the court to weigh this factor in favor of Father.

As to the next factor, the court found that Mother was not "quite sure what her future holds as far as finding a [job] in Idaho Falls. She travels a lot for work now and is gone and unavailable for 11 hours a day and if there was a need to leave work to attend to the children, she would have at least a 1.5 hour drive to get there." In contrast the court determined that Father's business ownership gave him regular hours and the ability to "spend more time with the children during the week than [Mother]." It further found that during the winter months, when travel would become more hazardous, Mother would take much longer to commute to and from work

5

and that this "provides an obstacle for the Court when considering continuity and stability."[1] Mother claims that because her work schedule was temporary the magistrate court overemphasized the effect her travel time and unavailability would have on the children. The magistrate court considered the temporary nature of Mother's employment, but noted that at the time she was unsure about future employment and did not have a plan to be employed locally:

> Q: Okay. When you're working in Victor, you do work--because of the time-- you get home until nine o'clock?
> A: I do until Thanksgiving.
> Q: That's assuming you can find employment in the field that you're looking into, correct? You don't have a job lined up already in the dental field?
> A: Not yet. But everyone has teeth.
> Q: Okay. So you're assuming that you'll be able to do that. But, again, you don't currently have any employment prospects?
> A: Not yet.
> Q: Okay. Until you do that, your plan would then be to continue working in [Victor], is that fair, until you find employment?
> A: I think so.[2]

The magistrate court also took into account that in the summer months when travel was more predictable and the children were out of school, the custody arrangement would change to alternating weeks. We cannot say this assessment overemphasized any particular factor or that the decision was an abuse of discretion.

### 2. The magistrate court's finding that Mother's domestic abuse allegations were not credible is not clearly erroneous

Mother also claims the magistrate court erred in its treatment of her domestic abuse allegations. She argues that I.C. § 32-717 requires the magistrate court to consider all relevant factors, which may include domestic violence. She further asserts that the magistrate court "made no findings with regard to [Mother's] credibility as a witness" and instead chose to disregard her allegation of domestic violence because it was not previously reported.

---

[1] Mother makes a number of new assertions in her reply brief. However, the Court of Appeals will not consider arguments raised for the first time in the appellant's reply brief. *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004).

[2] Contrary to assertions made by Mother, the magistrate court was not required to consider the parties' circumstances at the time of issuance of its decisions, as opposed to the evidence as to circumstances presented at trial. Moreover, the magistrate court did consider Mother's testimony regarding her temporary work schedule, but her testimony was much less certain than she now contends.

6

A magistrate court's findings of fact will be upheld if they are supported by substantial and competent evidence and are not clearly erroneous. I.R.F.L.P 801. Evidence is substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *King v. King*, 137 Idaho 438, 442, 50 P. 3d 453, 457 (2002). When reviewing a magistrate court's findings of fact, we view the evidence in favor of the magistrate court's judgment and will uphold the magistrate court's findings even if there is conflicting evidence. *Id.* We will not make credibility determinations or replace the trial court's factual findings by reweighing the evidence. *Id.*

We disagree with Mother's assertion that the magistrate court "made no findings" with respect to her credibility as a witness. The court states in its findings:

> [Mother] claims that [Father] raped her. She did not identify that in her discovery responses. She did not call the police. The first time the Court was aware is when she brought this up at trial. The Court does not put much weight to this allegation.

It is apparent from this assessment that the magistrate court was making a credibility determination of Mother's testimony after observing her demeanor and considering the conflicting evidence at trial. Mother claims that the magistrate court made no such determination but instead based its decision on Mother's failure to make a prior disclosure, to which she argues she has no duty to do. We do not read the magistrate court's findings to imply that her allegation was not considered because it was not previously disclosed. It appears to find her allegation less credible because it appeared to be a last ditch effort on her part. Her lack of disclosure in this particular instance spoke to the potential that it was a trial tactic, which would logically call into question the likelihood that it actually occurred. The record also suggests that Mother did not provide credible information as to her monthly budget,[3] so it is not unreasonable to assume the magistrate court found her credibility lacking overall. We will not reweigh the evidence and make our own credibility determination as to Mother's marital rape allegations. The magistrate court's determination that the allegation should not be given much weight was not clearly erroneous and is supported by the record.[4]

---

[3] "Her monthly budget shows $6,405. However, this court does not find this budget reasonable."

[4] Domestic violence may be considered in assessing custody and spousal maintenance. I.C. §§ 32-717B(5), 32-705(2)(g). Having found the magistrate court's determination was not in error as to custody, we find the same as to spousal maintenance.

**C.    The Magistrate Court Did Not Abuse Its Discretion by Refusing to Award Spousal Maintenance**

Mother argues the magistrate court erred by not awarding spousal maintenance. Specifically, she argues that the magistrate court imposed its personal opinion as to whether her expenses were reasonable and made no findings of fact to support its decision. This assertion is not supported by the record. Requests for spousal maintenance are governed by I.C. § 32-705, which provides: "Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance: (a) Lacks sufficient property to provide for her reasonable needs; and (b) Is unable to support himself or herself through employment."

Whether to award spousal maintenance under this statute is discretionary and "requires the court to give due consideration to each party's financial needs and abilities." *Stewart v. Stewart*, 143 Idaho 673, 679, 152 P.3d 544, 550 (2007).[5] "Reasonable needs, under Idaho law, account for the standard of living established during the marriage." *Id*. at 680, 152 P.3d at 551. Mother asserts that the magistrate court erred in denying maintenance because it did not expressly consider the standard of living established during the marriage and instead imposed its personal opinion about the reasonableness of her budget.

In order to be eligible for spousal maintenance under subsection (1) of the statute, Mother was required to establish that in light of the community property division, she lacked sufficient property to provide for her reasonable needs and that she was unable to support herself through employment. In denying maintenance the magistrate court considered Mother's employment, the income from the rental properties she had been awarded, and the amount of the money she received for her share of the business, $233,000. It considered that she was currently making $16 an hour but had the potential to make more once her education was completed. It noted that her budget was almost double Father's and that her monthly budget of $6,405 was not

---

[5]    The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include: (a) the financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently; (b) the time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment; (c) the duration of the marriage; (d) the age and the physical and emotional condition of the spouse seeking maintenance; (e) the ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance; (f) the tax consequences to each spouse; and (g) the fault of either party. I.C. § 32-705(2).

reasonable, taking issue with a number of specific items listed. Mother argues that deeming her budget unreasonable was in error because Father would have a similar budget if he was not able to hide a number of his expenses by writing them off through his business. We can find no evidence to support this allegation in the record. The magistrate court weighed the evidence and applied the proper legal standard by making particularized findings regarding Mother's resources, employment opportunities, and monthly expenses. After such an analysis, the court concluded that Mother had sufficient property to provide for her reasonable needs and that spousal support was not warranted. Mother has failed to show that the magistrate court abused its discretion in declining to award her spousal support.

**D.     Attorney Fees**

Both parties seek attorney fees on appeal pursuant to I.C. § 12-121. Idaho Code § 12-121 provides that a court in any civil action may award reasonable attorney fees to the prevailing party. I.C. § 12-121. This Court has held that attorney fees can be awarded on appeal under I.C. § 12-121 "only if the appeal was brought or defended frivolously, unreasonably, or without foundation." *Doe v. Doe*, 149 Idaho 669, 675, 239 P.3d 774, 780 (2010). We cannot conclude that either party's conduct in this appeal was frivolous, unreasonable, or without foundation.

Mother additionally argues the magistrate court's failure to award attorney fees below was an abuse of discretion because the court used the wrong factors in assessing whether fees should be awarded. The decision to award attorney fees is discretionary and absent an abuse of that discretion, a trial court's grant or denial of attorney fees will not be disturbed on appeal. *Hoskinson v. Hoskinson*, 139 Idaho 448, 465, 80 P 3d 1049, 1066 (2003). Mother asserts that under I.C. § 32-705 there is no requirement of frivolousness. Though she is correct that there is no requirement under I.C. § 32-704 that the action be frivolous, there is also no requirement that the magistrate court award fees. As clearly stated in the statute, "The court *may* from time to time after considering the financial resources of both parties and the factors set forth in section 32-705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party . . . ." I.C. § 32-704 (emphasis added). This gives the court the discretion to award fees after considering the factors, it does not impose a requirement to assess them if it declines to do so. The magistrate court properly assessed the financial resources of the parties and determined Mother was able to provide for her own costs. For these reasons there was no abuse of discretion below.

9

## IV.
## CONCLUSION

Because substantial and competent evidence supports the magistrate court's findings, we affirm the magistrate court's judgment. Costs on appeal to Father.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.